(1 App. Div. 61.)

### ROBERTSON v. NATIONAL STEAMSHIP CO., Limited.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

CONTRACTS—VALIDITY—PLACE OF PERFORMANCE.

A bill of lading, made in France, providing for the transportation of goods from Havre, France, to London, and from London to New York, is not governed by the law of England, as it was made, and to be performed mainly, outside of England.

Appeal from superior court of New York City, special term.

Action by Julius Robertson against the National Steamship Company, Limited. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

The action was brought to recover damages for injuries to a quantity of goatskins which were shipped from Havre, France, consigned to the plaintiff in New York. The shipment was made under a bill of lading, executed in France, bearing the heading, "Through from Havre to New York," wherein, among other things, the defendant acknowledged the receipt of the skins in good order at Havre, to be forwarded by the steamer Wolf to London, and to be there transshipped upon the steamer Canada for New York, subject to certain exceptions and conditions therein contained. Among these were the following: That defendant should not be liable for loss or damage resulting from sweating, rain, spray, or inherent deterioration, nor (under the through bill of lading) where the damage was done while the skins were not actually in the possession of defendant, or shipped on board its steamer. The skins were transported by the steamer Wolf from Havre to Southampton, thence by railroad to London, and thence by defendant's steamer Canada to New York. Neither the steamer Wolf nor the railroad were owned or operated by the defendant, but by outside parties. When the skins reached the plaintiff in New York, it was claimed they had been considerably injured by having been wet. The trial court decided that the injury to the skins was not caused by any negligence or breach of duty on the part of the defendant, and that whatever injury there was resulted from causes for which the defendant was not responsible; that its liability was only for such injuries as resulted while the skins were actually in its custody in London or New York, or while being transported on its steamer from London to New York.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

E. P. Wheeler, for appellant.
John Chetwood, for respondent.

WILLIAMS, J. There was a conflict of evidence as to where the skins were injured, and as to the cause of such injury. We are of opinion the decision of the trial court should be sustained, and the judgment affirmed. The finding that the cause of the injury was within the exceptions—sweating, rain, spray, or inherent deterioration—is supported by the evidence. The trial judge heard the evidence, and saw and heard the witnesses produced before him; and his conclusion as to the facts should not be disturbed. More than this, there was evidence tending to show that the injuries to the skins were received while they were being transported from Havre to London. For such injuries the defendant is not liable under the bill of lading. It was a through bill, from Havre to New York, and the skins were not actually in the possession of the defendant, or shipped upon its steamer, until their arrival and delivery in London, within the meaning of the contract.

The contention that the provisions of the bill of lading were illegal, under the statutes and laws of England, should not be upheld. Even if such statutes were applicable to such a contract when made in England, and the laws of England were as claimed, they are not applicable to this contract, because it was made in France, and was to be performed, mainly, outside of England. It was a good contract under the laws of New York. Reed v. Express Co., 48 N. Y.

466; Ricketts v. Railroad Co., 59 N. Y. 637. We think the contract was one the parties might legally make, and that it was binding upon them.

The judgment should be affirmed, with costs. All concur.